IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERIC HUMBERT,** | : | |
| | : | |
| Plaintiff | : | **CIVIL NO. 1:CV-05-1967** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **MICHAEL J. KURTZ,** *et al.*, | : | |
| | : | |
| Defendants | : | |

# **M E M O R A N D U M**

## I.  **Background**

Plaintiff, Eric Humbert, an inmate at the Federal Detention Center in Philadelphia, Pennsylvania, commenced this civil rights action *pro se* by filing a complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Defendants are: (1) the "John Doe" Warden of the Mahanoy State Correctional Institution ("SCI-Mahanoy") in Frackville, Pennsylvania; (2) Pennsylvania State Police DNA Lab Supervisor Michael J. Kurtz; (3) Megan's Law Unit employee John Doe; and (4) Sargent Robert DiGregorio and Sargent George N. May of the Salem Co. Police Department.  Plaintiff claims that "on or about January 8, 2003, [while housed at SCI-Mahanoy], DNA samples was [sic] taking [sic] from Plaintiff by Defendants and falsely logged as a convicted sexual offender registered under the Megan's Law which violated Plaintiff's Fourth and Fourteenth Amendment [rights]."  (Doc. 1 at 4.)

On January 6, 2006, Defendants Kurtz, Spol, and the SCI-Mahanoy Warden filed a motion to dismiss Plaintiff's complaint, alleging that Plaintiff's complaint is barred by the applicable statute of limitations.  Plaintiff failed to file a response to the motion, notwithstanding a specific direction from the court to do so.  Because Plaintiff's claim was time-barred under the statute of limitations, Defendants Kurtz, Spol, and the SCI-Mahanoy Warden were dismissed from the case.  (Doc. 37.)

The remaining Defendants, DiGregorio and May, also filed motions to dismiss (Docs. 35 and 47) Plaintiff's complaint as time-barred.   In response, Plaintiff filed a motion for leave to file an amended complaint (Doc. 58-1), in which he concedes that "[s]ince the filing of the complaint the Plaintiff has determined that [Defendants DiGregorio and May] are not responsible [and] Plaintiff seeks to have these named Defendants removed from his suit."  (Doc. 58-1 ¶ 2.)  For the reasons that follow, Plaintiff's motion for leave to file an amended complaint will be granted, Defendants DiGregorio and May will be dismissed from the action, and Defendants' motions to dismiss Plaintiff's complaint will be denied as moot.

## II.    Discussion

In response to Defendant DiGregorio and May's motions to dismiss Plaintiff's complaint, Plaintiff filed a motion for leave to file an amended complaint.  (Doc. 58-

2

1.)  A copy of the proposed amended complaint (Doc. 58-2) is attached to the motion. Federal Rule of Civil Procedure 15 states, in relevant part: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Since Defendants have filed answers (Docs. 40 and 48) to Plaintiff's complaint, he is required to seek leave of court to amend his pleading.

Deciding whether to grant leave is within the discretion of the court and should be exercised within the context of the liberal pleading rules.  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).  Leave to amend should be granted unless equitable considerations render amendment unjust.  *Id.*  The Court may deny leave to amend or supplement where the new claims would not withstand a motion to dismiss or where amendment would cause delay or prejudice to a party.  *See Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

Plaintiff seeks to dismiss the two remaining original Defendants, and he seeks to name new Defendants he claims are responsible for the alleged violations of his constitutional rights.  There is nothing in the record to support a conclusion that amendment of the pleading will cause undue delay, and amendment of the pleading to dismiss the current Defendants would not be detrimental to the parties in any way.

3

Moreover, the motion is unopposed.[1]  Consequently, Plaintiff's first motion (Doc. 58-1) to amend his complaint will be granted, and Plaintiff's first amended complaint (Doc. 58-2) will be accepted by the Court.  Under Rule 15(a) when an amended complaint is filed it supersedes the original complaint. Therefore, the pending motions to dismiss (Docs. 35 and 47) Plaintiff's complaint will be dismissed as moot. An appropriate order will issue.

                                       s/Sylvia H. Rambo
                                       Sylvia H. Rambo
                                       United States District Judge

Dated: December 1, 2006.

---

[1] Both of the remaining Defendants sent correspondence to the court (Docs. 60 and 61) asking for dismissal based upon Plaintiff's proposed amended complaint which excludes these parties.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERIC HUMBERT,** : | |
| : | |
| **Plaintiff** : | **CIVIL NO. 1:CV-05-1967** |
| : | |
| v. : | **(Judge Rambo)** |
| : | |
| **MICHAEL J. KURTZ,** *et al.*, : | |
| : | |
| **Defendants** : | |

# O R D E R

**AND NOW,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1) Plaintiff's unopposed motion for leave to file an amended complaint (Doc. 58-1) is **GRANTED**, and Plaintiff's amended complaint (Doc. 58-2) is accepted by the court.

2) The United States Marshall is directed to serve a copy of this order and Plaintiff's amended complaint (Doc. 58-2) on the Defendants named therein.

3) The Clerk of Court is directed to dismiss Sgt. George May and Sgt. Robert DiGregorio from this case.

    4) Defendants' motions to dismiss Plaintiff's complaint (Doc. 35 and 47) are **DENIED** as moot.

                                        s/Sylvia H. Rambo
                                          Sylvia H. Rambo
                                          United States District Judge

Dated: December 1, 2006.